**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew A Kearns, | No. CV-26-08039-PCT-DWL (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Doug Schuster, | |
| Defendant. | |

On February 4, 2026, Plaintiff (who is proceeding pro se) filed a complaint in Mohave County Superior Court, naming Doug Schuster ("Defendant") as the sole defendant. (Doc. 1-3 at 3-6.)  On March 2, 2026, Defendant timely removed this action to federal court.  (Doc. 1.)  That same day, the Clerk's office issued a "Notice to Pro-Se Non-Prisoner Parties Representing Themselves." (Doc. 3.) Among other things, the notice advised Plaintiff that "[i]f you DO NOT respond to a motion within the requirements of the local Rules, the Court may assume consent to the denial or granting of the motion and may dispose of the motion summarily under Local Rule of Civil Procedure 7.2(i)." (*Id.* at 6.)

On May 27, 2026, Defendant filed a motion to dismiss under Rule 12(b)(6).  (Doc. 6.)  The next day, Magistrate Judge Bibles issued an order giving Plaintiff 30 days to respond and again warning Plaintiff that, under LRCiv 7.2(i), a failure to respond may be deemed consent to the granting of the motion.  (Doc. 7.)

Plaintiff's deadline to respond to the motion to dismiss has expired and Plaintiff

did not file a response.  As noted, under LRCiv 7.2(i), "if [an] unrepresented party . . . does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." Plaintiff has been repeatedly advised of this rule and of the consequences of not responding.

"Failure to follow a district court's local rules is a proper ground for dismissal . . . [but] [b]efore dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). *See also Wystrach v. Ciachurski*, 267 F. App'x 606, 607-08 (9th Cir. 2008) ("The court also did not abuse its discretion in applying its local rule summarily to grant defendants' motion to dismiss because plaintiffs failed timely to respond.  Local Rule 7.2(i) of the Rules of Practice of the United States District Court for the District of Arizona authorizes a court to dispose summarily of a motion, if the non-moving party fails to serve and file the required answering memorandum."). The Court has considered the relevant factors and concludes they support dismissal without prejudice under these circumstances, where Plaintiff's non-compliance has thwarted the public's interest in expedited resolution of litigation and interfered with the Court's ability to manage its docket and Defendant faces a risk of prejudice from further delay.  These considerations outweigh the public policy favoring disposition of cases on their merits, and a without-prejudice dismissal is the only feasible alternative to a with-prejudice dismissal.

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that:

1.      The reference to the magistrate judge is **withdrawn** as to Defendant's motion to dismiss (Doc. 6), and the motion to dismiss (Doc. 6) is **summarily granted**.

2.      The Clerk shall enter judgment accordingly and terminate this action.

Dated this 2nd day of July, 2026.

Dominic W. Lanza
United States District Judge

- 3 -